UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA,

Civil Action No: 1:20-cv-9888

Plaintiff,

-against-

WESCO INSURANCE COMPANY,

Defendant.
-----------------------------------------------------------------X

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA ("Travelers"), by its attorneys, Keane and Associates, as and for its Complaint for Declaratory Judgment against Defendant, WESCO INSURANCE COMPANY ("WESCO"), alleges upon information and belief as follows:

### Nature of the Action

1.      In this action, Travelers seeks a declaration that Wesco is obligated to defend and to indemnify  Broadway 52nd LLP ("Broadway") in connection with an underlying action asserting claims for injuries allegedly sustained by Onofrio Mazzurco (the "Claimant") against Broadway and Robert B. Samuels, Inc. ("RBS").  The incident allegedly occurred on or about October 28, 2015 at a construction project at 1675 Broadway, New York, New York (the "Project").

**Parties**

2.      At all times relevant hereto, Travelers was and is a Connecticut corporation duly licensed and authorized to write insurance and conduct business in the State of New York with a principal place of business in Hartford, Connecticut.

3.      Upon information and belief, at all times relevant hereto, Wesco was and is a Delaware corporation with a principal place of business in New York.

**Jurisdiction and Venue**

4.      This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to this claim occurred here.

6.      An actual justiciable controversy exists between the parties as to the coverage afforded under the insurance policy issued by Defendant Wesco.

7.      Plaintiff Travelers has no adequate remedy at law.

**The Insurance Policies**

8.      Travelers issued an insurance policy to JT Magen & Co. ("JT Magen") providing Commercial General Liability and Employee Benefits Liability coverage for the policy period September 30, 2015 through September 30, 2016 under policy no. VTC2J-CO-828K6622-TIL-15 (the "Travelers Policy").

9.      Subject to certain terms, conditions, and exclusions, the Travelers Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

2

10.     The Travelers Policy contains an excess "other insurance" clause that provides
that coverage under the Travelers Policy is excess over any other coverage available to
Broadway as an additional insured.

11.     Defendant Wesco issued a Commercial General Liability policy (No.
WPP1118655) to RBS for the policy period October 4, 2015 to October 4, 2016 (the "Wesco
Policy").

12.     Subject to certain terms, conditions, and exclusions, the Wesco Policy generally
provides coverage for bodily injury that takes place during the policy period and is caused by an
accident.

13.     By endorsement (CG 20 11 04 13), the Wesco Policy provides in pertinent part as
follows:

> A.   Section II – Who Is An Insured is amended to include as an
>      additional insured the person(s) or organization(s) shown in the
>      Schedule, but only with respect to liability for "bodily injury",
>      "property damage" or "personal and advertising injury" caused, in
>      whole or in part by:
>
>      1.   Your acts or omissions;
>      2.   The acts or omissions of those acting on your behalf;
>
>      in the performance of your ongoing operations for the additional
>      insured(s) at the location(s) designated above.  . . .

## Background Facts

14.     Broadway was the legal and/or beneficial owner of the Project site.

15.     Prior to October 28, 2015, Broadway retained JT Magen to perform certain work
on the Project.

16.     Prior to October 28, 2015, JT Magen retained RBS as a subcontractor for certain
work on the Project.

17.    JT Magen and RBS entered into a series of written purchase orders on or about September 2, 2015 in connection with the Project (the "JT Magen/RBS POs").

18.    Pursuant to the terms of the JT Magen/RBS POs, RBS agreed to procure commercial general liability insurance naming Broadway as an additional insured on a primary and non-contributory basis.

19.    RBS also agreed to defend, protect, indemnify, and hold harmless Broadway in connection with RBS' work at the Project site and to procure insurance covering Broadway with respect to RBS' work on the Project site.

20.    On or about October 28, 2015, Claimant was allegedly working for JT Magen at the Project when he was injured coming down steps at the Project site (the "underlying accident").

21.    By a complaint filed on or about August 17, 2017, Claimant commenced an action styled *Onofrio Mazzurco v. Broadway 52nd LP and Robert B. Samuels, Inc.* in the Supreme Court of the State of New York, County of New York, Index No. 157381/2017, and by a second complaint filed on or about October 23, 2018, Claimant commenced another action styled *Onofrio Mazzurco v. Broadway 52nd LP and Robert B. Samuels, Inc.* in the Supreme Court of the State of New York, County of New York, Index No. 159872/2018 (the two lawsuits, together, will be referred to herein as the "Underlying Actions"). The Underlying Actions purport to assert causes of action against both Broadway and RBS for negligence and violations of the New York Labor Law, the Industrial Code of the State of New York, and the federal Occupational Safety and Health Regulations.

22.    In the Underlying Actions, the Claimant seeks to impose liability on Broadway which allegedly arises out of Broadway's ownership, maintenance or use of the Project premises.

23.     Travelers is defending Broadway in the Underlying Action as an additional insured under the Travelers Policy and has incurred costs in connection with its provision of that defense.

24.     In connection with the Underlying Actions, the potential exposure for defense costs and indemnification for Broadway exceeds $75,000.

**Tender to Wesco**

25.     On September 25, 2017, and on numerous occasions thereafter, Travelers demanded that Wesco defend and indemnify Broadway as an additional insured in connection with the Underlying Actions.

26.     Wesco refuses to abide by its obligation to defend and indemnify Broadway as an additional insured in the Underlying Actions.

**Travelers' Cause of Action for Declaratory Relief**

27.     Travelers repeats and realleges the allegations contained in paragraphs 1-__ above as if set forth here in their entirety.

28.     Broadway qualifies as an additional insured under the Wesco Policy.

29.     Broadway is entitled to a defense under the Wesco Policy issued to RBS, as well as to indemnification thereunder for any verdict or judgment rendered against it in the Underlying Actions.

30.     Coverage provided to Broadway by the Wesco Policy with respect to the Underlying Actions is primary to that provided by the Travelers Policy.

31.     Wesco has refused to provide coverage to Broadway with respect to the Underlying Actions.

32.     Accordingly, Travelers seeks a declaration that Wesco has an obligation to defend and indemnify Broadway as an additional insured; that the coverage provided by the Wesco Policy to Broadway is primary; and that the obligations of Travelers to Broadway in the Underlying Actions are excess to proper exhaustion and full payment of the limits of the Wesco Policy.

33.     In addition, Travelers seeks an award at law and in equity against Wesco for recovery of all sums Travelers has incurred and continues to incur in defense of Broadway in the Underlying Actions because the coverages provided by the Wesco Policy are primary to any coverage provided by Travelers.

## Prayer for Declaratory Relief

Wherefore, Plaintiff Travelers prays that judgment be entered as follows:

1.     Declaring that the Wesco Policy was in full force and effect on the date of the alleged accident.

2.     Declaring that all terms and conditions of the Wesco Policy have been complied with and met.

3.     Declaring that the alleged accident and Underlying Actions fall within the coverage afforded by the Wesco Policy.

4.     Declaring that Defendant Wesco owes a duty to defend Broadway in connection with the Underlying Action.

5.     Declaring that Defendant Wesco owes a duty to indemnify Broadway in connection with the Underlying Actions.

6.     Declaring that Defendant Wesco's coverage obligations to Broadway in connection with the Underlying Actions are primary.

7.      Declaring that Plaintiff Travelers' coverage obligations under the Travelers Policy are excess and non-contributory to those of Defendant Wesco with respect to the Underlying Action.

8.      Declaring that an actual controversy exists between Plaintiff Travelers and Defendant Wesco with respect to Wesco's duty to defend and to indemnify Broadway in connection with the Underlying Actions.

9.      Granting an award in favor of Plaintiff Travelers against Defendant Wesco for all sums Travelers has paid in defending Broadway as to the Underlying Actions.

10.     Granting an award in favor of Plaintiff Travelers for the costs of suit incurred herein.

11.     Granting such other and further relief as the Court may deem just and proper.


Dated: New York, New York
       November 24, 2020

                              KEANE AND ASSOCIATES


                              By: _____/s/Amy C. Gross_____
                                      Amy C. Gross
                                      Attorneys for Plaintiff
                                      Direct: 917.778.6462
                                      Fax: 844.571.3789
                                      Email: acgross@travelers.com

                                      Please address all correspondence sent by
                                      mail to:
                                      P.O. Box 2996
                                      Hartford, CT 06104-2996

                                      Physical Address:
                                      485 Lexington Avenue, 6th Floor
                                      New York NY 10017