UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA,                                            Case No.: 1:20-cv-9888

        Plaintiff,                                            **ANSWER AND**
                                                               **AFFIRMATIVE DEFENSES**
  -against-

WESCO INSURANCE COMPANY,

        Defendant.
------------------------------------------------------------X

      Defendant Wesco Insurance Company ("Wesco"), pursuant to F.C.R.P. Rule 8, answers plaintiff Travelers Property Casualty Company of America's ("Travelers") Complaint, upon information and belief, as follows:

      1.      Paragraph 1 of the Complaint contains a statement of Travelers' case to which no response is required.

      2.      Wesco denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 2 of the Complaint.

      3.      Wesco admits the allegations contained in Paragraph 3 of the Complaint.

      4.      Paragraph 4 of the Complaint contains legal conclusions and statements of jurisdiction to which no response is required. To the extent that this paragraph contains factual allegations requiring response, Wesco denies knowledge or information sufficient to form a belief as to the truth or accuracy of such allegations.

      5.      Paragraph 5 of the Complaint contains legal conclusions and statements of jurisdiction to which no response is required. To the extent that this paragraph contains factual allegations requiring response, Wesco denies knowledge or information sufficient to form a belief as to the truth or accuracy of such allegations.

6. Paragraph 6 of the Complaint contains legal conclusions to which no response is required. To the extent that this paragraph contains factual allegations requiring response, Wesco denies knowledge or information sufficient to form a belief as to the truth or accuracy of such allegations.

7. Paragraph 7 of the Complaint contains legal conclusions to which no response is required. To the extent that this paragraph contains factual allegations requiring response, Wesco denies knowledge or information sufficient to form a belief as to the truth or accuracy of such allegations.

8. Wesco denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 8 of the Complaint.

9. Wesco denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 9 of the Complaint.

10. Wesco denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 10 of the Complaint.

11. Wesco admits the allegations contained in Paragraph 11 of the Complaint.

12. Wesco admits the allegations contained in Paragraph 12 of the Complaint.

13. Wesco admits the allegations contained in Paragraph 13 of the Complaint to the extent they allege that the Wesco Policy includes such an endorsement.

14. Wesco denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 14 of the Complaint.

15. Wesco denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 15 of the Complaint.

16. Wesco denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 16 of the Complaint.

17. Wesco denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 17 of the Complaint.

18. Wesco denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 18 of the Complaint and refers to the agreement referenced for the terms and conditions contained therein, which speak for themselves.

19. Wesco denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 19 of the Complaint and refers to the agreement referenced for the terms and conditions contained therein, which speak for themselves.

20. Wesco denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 20 of the Complaint.

21. Wesco denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 21 of the Complaint, and refers to the allegations in the Underlying Actions' complaints, which speak for themselves.

22. Wesco denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 22 of the Complaint, and refers to the allegations in the Underlying Actions' complaints, which speak for themselves.

23. Wesco denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 23 of the Complaint.

24. Wesco denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 24 of the Complaint.

25. In response to paragraph 25 of the Complaint, Wesco admits that, by letter dated September 25, 2017, and thereafter, Travelers demanded that Wesco defend and indemnify Broadway as an additional insured under the Wesco Policy in connection with the Underlying Actions.

26. Wesco denies the allegations contained in Paragraph 26 of the Complaint, except admits that it previously refused to defend or indemnify Broadway as an additional insured under the Wesco Policy in connection with the Underlying Actions.

27. In response to paragraph 27 of the Complaint, Wesco repeats, reiterates, realleges and incorporates each and every response to the allegations set forth in the foregoing paragraphs as if fully set forth herein.

28. Wesco denies the allegations contained in Paragraph 28 of the Complaint, except admits that Broadway is identified as an additional insured on the Wesco Policy, subject to the policy's applicable terms and conditions.

29. Wesco denies the allegations contained in Paragraph 29 of the Complaint.

30. Wesco denies the allegations contained in Paragraph 30 of the Complaint.

31. Wesco admits the allegations contained in Paragraph 31 of the Complaint.

32. Paragraph 32 of the Complaint contains a statement of Travelers' claim to which no response is required.

33. Paragraph 33 of the Complaint contains a statement of Travelers' claim to which no response is required.

### First Affirmative Defense

Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action upon which relief may be granted against Wesco.

### Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, for failure to join necessary and indispensable parties.

### Third Affirmative Defense

The rights and obligations of Wesco and its insureds are defined and controlled by the limits of liability, terms, exclusions, conditions, and other provisions of the Wesco Policy as well as the terms of the Travelers Policy. The terms, exclusions, conditions and other provisions of the Wesco Policy and the Travelers Policy are too voluminous to itemize as affirmative defenses, and are therefore incorporated by reference herein.

### Fourth Affirmative Defense

Plaintiff's claims for damages are barred because, to the extent the Wesco Policy and Travelers Policy cover Broadway as respects the Underlying Action, the policies do not cover Broadway for the same risks, thus precluding any claim for implied indemnification or contribution.

### Fifth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, to the extent that the claims asserted in the Underlying Actions do not involve bodily injury proximately caused by the

acts or omissions of RBS or those acting on its behalf in the performance of RBS's ongoing operations performed for Broadway.

### Sixth Affirmative Defense

Plaintiff's claims are barred based on Broadway's failure to comply with conditions precedent and subsequent necessary to the existence of coverage under the Wesco Policy.

### Seventh Affirmative Defense

Plaintiff's claims are barred, in whole or in part, pursuant to the Wesco Policy's and Travelers Policy's "Other Insurance" provisions and to the extent that other insurance is available to Broadway for the claims asserted in the Underlying Actions.

### Eighth Affirmative Defense

Wesco reserves and asserts all affirmative defenses available under any applicable law, and reserves the right to supplement or amend these affirmative defenses or raise any other affirmative defenses as this matter proceeds.

WHEREFORE, Wesco respectfully requests that the Court enter judgment in favor of Wesco:

    a.    Dismissing plaintiff's Complaint with prejudice;

    b.    Declaring that Wesco has no duty to defend or indemnify Broadway in connection with the Underlying Actions;

    c.    Declaring that any duty owed by Wesco to defend or indemnify Broadway in connection with the Underlying Actions is primary to or co-primary with Travelers' duty to defend or indemnify Broadway in connection with the Underlying Actions;

    d.    Awarding attorneys' fees and costs; and

    e.    Awarding such other and further relief as the Court deems just, proper and equitable.

Dated: New York, New York
March 16, 2021

                                      KENNEDYS CMK LLP

                                      /s/ Max W. Gershweir
                                    Max W. Gershweir, Esq.
                                    Attorneys for Defendant
                                    570 Lexington Avenue – 8th Floor
                                    New York, New York 10022
                                    Tel.: 212-252-0004
                                    Fax.: 212-252-0444