UNITED STATES DISTRICT COURT        **<u>ORAL ARGUMENT REQUESTED</u>**
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA,

Plaintiff,

      -against-                            1:20-CV-09888-VEC

WESCO INSURANCE COMPANY,

Defendant.

-------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF
<u>PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

**REID & ASSOCIATES**
Mailing Address:[1]
P.O. Box 2996
Hartford, CT 06104-2996
(917) 778-6680
*Attorneys for Plaintiff*

---

[1] Physical address: 485 Lexington Avenue, 6th Floor, New York, NY 10017

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ...................................................................................1

STATEMENT OF FACTS.........................................................................................2

    The Project, the Relevant Agreements, and the Underlying Action…..………..5

    Travelers's Tender to Wesco on Broadway's Behalf, and
    Wesco's Responses…………………………………………………………..7

ARGUMENT.........................................................................................................7

I.    WESCO HAS A DUTY TO DEFEND BROADWAY
    BECAUSE CLAIMANT IN THE UNDERLYING ACTION
    ALLEGES THAT HIS INJURIES WERE CAUSED IN WHOLE OR IN
    PART BY THE ACTS OR OMISSIONS OF RBS, WESCO'S NAMED
    INSURED ……………………………………………….……………..8

II.    ANY COVERAGE AVAILABLE TO BROADWAY UNDER
    THE WESCO POLICY IS PRIMARY TO THAT OF TRAVELERS……10

CONCLUSION ...................................................................................12

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

**Cases**

*Allianz Ins. Co. v. Lerner*,
    416 F.3d 109 (2d Cir. 2005)……………………………………………………8

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986)…………….................................................................8

*Arch Specialty Ins. Co. v. Farm Family Cas. Ins. Co.*,
    238 F. Supp. 3d 604 (S.D.N.Y. 2017)……………………………………….…….8

*Burlington Ins. Co. v. NYC Transit Auth.*,
    29 N.Y.3d 313, 57 N.Y.S.3d 85 (2017)……………………….………………9, 12

*Charter Oak Fire Ins. Co. v. Zurich American Ins. Co.*,
    462 F. Supp. 3d 317 (S.D.N.Y. 2020)……………………………………….....10

*Continental Cas. Co. v. JBS Const. Mgmt., Inc.*,
    No. 09 Civ. 6697(JSR), 2010 WL 2834898 (S.D.N.Y. July 1, 2010)……...……….9

*Coyle v. United States*,
    954 F.3d 146 (2d Cir. 2020)……………………………………………………8

*Dalberth v. Xerox Corp.*,
    766 F.3d 172 (2d Cir. 2014) ....................................................................8

*Frontier Insulation Contrs. v. Merchants Mut. Ins. Co.*,
    91 N.Y.2d 169, 667 N.Y.S.2d 982 (1997)………….…………………………..9

*Harleysville Worcester Ins. Co. v. Wesco Ins. Co., Inc.*,
    314 F. Supp. 3d 534 (S.D.N.Y. 2018)…………………………………………8

*High Point Design, LLC v. LM Ins. Corp.*,
    911 F.3d 89 (2d Cir. 2018)………………………………..……………………9

*International Business Machines Corp. v. Liberty Mutual Ins. Co.*,
    363 F.3d 137 (2d Cir. 2004)……………………………………………………8

*Jones v. County of Suffolk*,
    936 F.3d 108 (2d Cir. 2019)....................................................................7

*Liberty Mutual Ins. Corp. v. N.Y. Marine and Gen. Ins. Co.*,
    505 F. Supp. 3d 260 (S.D.N.Y. 2020)…………………………………………9

Page

*Olin Corp. v. Ins. Co. of Am.*,
    218 F. Supp. 3d 212 (S.D.N.Y. 2019)……………………………………………..8

*Regal Constr. Corp. v. National Union Fire Ins. Co. of Pgh.*,
    15 N.Y.3d 34 904 N.Y.S.2d 338 (2010)…………………………………………..8

*Securities Exchange Commission v. Sourlis*,
    851 F.3d 139 (2d Cir. 2016) ...................................................................7

*Sport Rock Int'l, Inc. v. Am. Cas. Co. of Reading, PA*,
    65 A.D.3d 12, 878 N.Y.S.2d 339 (1st Dep't 2009)…………..………………....10, 12

*Travelers Indemnity Co. v. Harleysville Ins. Co. of N.Y.*,
    18 Civ. 600 (PGG), 2020 WL 1304085 (S.D.N.Y. Mar. 19, 2020)…….…………..9

*Village of Brewster v. Virginia Sur. Co., Inc.*,
    70 A.D.3d 1239, 896 N.Y.S.2d 203 (3d Dep't 2010)……………..……………12

*Zurich American Ins. Co. v. Harleysville Ins. Co.*
    194 F. Supp. 3d 253 (S.D.N.Y. 2016)……………………………………………...10

## PRELIMINARY STATEMENT

Plaintiff Travelers Property Casualty Company of America ("Travelers") submits this Memorandum of Law in support of its motion for partial summary judgment pursuant to Fed. R. Civ. P. 56 and Local Civil Rule 56.1 seeking a declaration that any defense or indemnity available to Broadway 52nd LP ("Broadway") as an additional insured from Defendant Wesco Insurance Company ("Wesco") is primary and noncontributory to any defense or indemnity available to Broadway from Travelers with respect to two underlying personal injury actions pending in the Supreme Court of the State of New York, County of New York, under Index Nos. 157381/2017 and 159872/2018, both styled *Onofrio Mazzurco et al. v. Broadway 52nd L.P. and Robert B. Samuels, Inc.* (the "Underlying Actions").

Travelers issued an insurance policy to J.T. Magen & Co. ("JT Magen"), a contractor of Broadway, and Wesco issued an insurance policy to JT Magen's subcontractor, Robert B. Samuels, Inc. ("RBS").  Both policies contain endorsements providing additional insured coverage for Broadway, subject to certain terms and conditions.  Wesco does not dispute that it has a present duty to defend Broadway and has agreed to defend Broadway with Travelers on an equal shares basis, subject to a reservation of rights.  However, the relevant endorsement to the Travelers policy potentially providing additional insured coverage to Broadway is subject to "other insurance" language providing that the Travelers coverage will be excess to any other insurance where Broadway is added as an additional insured, as it is on the Wesco policy.

By contrast, the Wesco policy language provides primary and non-contributory coverage for Broadway as an additional insured.

Accordingly, any duty Wesco has to defend or indemnify Broadway is on a primary and non-contributory basis.  In light of the foregoing, and as further explained below, the Court should

grant partial summary judgment in favor of Travelers, entering an order declaring that: (i) any defense or indemnity available to Broadway from Wesco with respect to the Underlying Actions is primary and non-contributory to any defense or indemnity available to Broadway from Travelers with respect to the Underlying Actions, (ii) Travelers's coverage obligations are excess to those of Wesco with respect to the Underlying Actions, and (iii) Wesco has the sole obligation to defend Broadway in connection with the Underlying Actions on a primary and non-contributory basis; and issue an award in favor of Travelers and against Wesco for all sums Travelers has paid in defending Broadway in the Underlying Actions.

## **STATEMENT OF FACTS**

The undisputed facts herein are drawn from Plaintiff's Statement of Undisputed Facts Pursuant to Local Civil Rule 56.1 ("R. 56.1 Statement"), filed simultaneously herewith.

### **The Policies**

Travelers issued a policy providing JT Magen with Commercial General Liability and Employee Benefits Liability coverage bearing policy number VTC2J-CO-828K6622-TIL-15 for the policy period of September 30, 2015 to September 30, 2016 (the "Travelers Policy"). R. 56.1 Statement, ¶ 1. Subject to certain terms and conditions, the Travelers Policy provides coverage for bodily injury that takes place during the policy period and is caused by an accident. *Id.*, ¶ 2.

The Travelers Policy contains an ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – SCHEDULED PERSON OR ORGANIZATION endorsement (form no. CG 20 10 10 01) (the "Travelers Scheduled Person Endorsement"), stating in relevant part that:

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

**Name of Person or Organization:**

. . . Broadway 52nd LP ("Owner") . . .

Project No. (16-0082-AIE) Publicis @1675 Broadway, NY, NY 10019

. . .

**A. Section II – Who Is An Insured** is amended to include as an insured the person or organization shown in the Schedule, but only with respect to liability arising out of your ongoing operations performed for that insured. . . .

*Id.*, ¶ 3.

The Travelers Policy also contains an AMENDMENT – OTHER INSURANCE CONDITION AND MEANING OF OTHER INSURANCE, OTHER INSURER AND INSURER – NEW YORK endorsement (the "Travelers Other Insurance Amendment") (form no. CG F5 61 02 09), providing in relevant part:

This insurance is excess over any of the other insurance, whether primary, excess, contingent or on any other basis, that is available to the insured when the insured is added as an additional insured under any other policy, including any umbrella or excess policy.

*Id.*, ¶ 4.

Defendant Wesco issued a Commercial Liability Policy bearing policy number WPP1118655 02 to RBS for the policy period of October 4, 2015 to October 4, 2016 (the "Wesco Policy"). *Id.*, ¶ 5. Subject to certain terms and conditions, the Wesco Policy provides coverage for bodily injury that takes place during the policy period and is caused by an accident. *Id.*, ¶ 6.

By endorsement (CG 20 10 04 13) (the "Wesco Scheduled Person Endorsement") the Wesco Policy provides in relevant part as follows:

ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – SCHEDULED PERSON OR ORGANIZATION

3

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

**SCHEDULE**

**Name Of Additional Insured Person(s) Or Organization(s)**

. . .  BROADWAY 52ND LP ("OWNER") . . .

**Location(s) Of Covered Operations**

1675 BROADWAY, NEW YORK, NY 10019

. . .

**A.  Section II – Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

      1.  Your acts or omissions; or

      2.  The acts or omissions of those acting on your behalf;

in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above. . . .

*Id.*, ¶ 7.

Further, the Wesco Policy's main Commercial General Liability coverage form provides in relevant part, with respect to "other insurance":

**4.  Other Insurance**

If other valid and collectible insurance is available to the insured for a loss we cover under coverages **A** and **B** of this Coverage Part, our obligations are limited as follows:

    **a.  Primary Insurance**

    This insurance is primary except when Paragraph **b.** below applies.  If this insurance is primary, our obligations are not

affected unless any of the other insurance is also primary.  Then, we will share with all that other insurance by the method described in Paragraph **c.** below.

**b.  Excess Insurance**

**(1)** This insurance is excess over:

**(a)** Any of the other insurance, whether primary, excess, contingent or on any other basis:

**(i)** That is Fire, Extended Coverage, Builder's Risk, Installation Risk or similar coverage for "your work";

**(ii)** That is Fire insurance for premises rented to you or temporarily occupied by you with permission of the owner;

**(iii)** That is insurance purchased by you to cover your liability as a tenant for "property damage" to premises rented to you or temporarily occupied by you with permission of the owner; or

**(iv)** If the loss arises out of the maintenance or use of aircraft, "autos" or watercraft to the extent not subject to Exclusion **g.** of Section **I** – Coverage **A** – Bodily Injury And Property Damage Liability.

**(b)** Any other primary insurance available to you covering liability for damages arising out of the premises or operations, or the products and completed operations, for which you have been added as an additional insured.

*Id.*, ¶ 8.

## The Project, the Relevant Agreements, and the Underlying Action

Broadway was the owner of the premises where JT Magen contracted to perform certain work on a construction project (the "Project").  Rule 56.1 Statement, ¶ 9.  On or about August 27, 2015 and September 2, 2015, JT Magen and RBS entered into a series of written purchase orders

for RBS to perform certain cabling and other work on the Project (the "Purchase Orders"). *Id.*, ¶ 10.

Pursuant to the terms of the Purchase Orders, RBS agreed to procure commercial general liability insurance naming "Owner [Broadway] . . . as an additional insured afforded on a primary and non-contributory basis." *Id.*, ¶ 11. RBS also agreed to defend, protect, indemnify, and hold harmless Broadway in connection with RBS' work at the Project site and to procure insurance covering Broadway with respect to RBS' work on the Project site. *Id.*, ¶ 12.

On or about October 16, 2015, RBS entered into an Indemnity/Insurance Agreement (the "Indemnity/Insurance Agreement") with Rudin Management Co. Inc, as Agent for Owner (defined in the agreement as Broadway), with respect to work at 1675 Broadway, New York, New York. *Id.*, ¶ 13. In that Indemnity/Insurance Agreement, RBS agreed to procure Commercial General Liability Insurance, naming, among others, Broadway as an additional insured. *Id.*, ¶ 14. The coverage provided to Broadway and other additional insureds "is to be primary and non-contributory, notwithstanding any insurance maintained by the Indemnitees [including Broadway]." *Id.*, ¶ 15.

Onofrio Mazzurco ("Claimant") was allegedly injured on October 28, 2015, while working for JT Magen on the Project, when he tripped on wires and debris while coming down steps at the Project (the "underlying accident"). *Id.*, ¶ 16.

On or about August 17, 2017, Claimant filed the first of the Underlying Actions against Broadway and RBS, seeking damages as a result of the underlying accident. *Id.*, ¶ 17. The Underlying Actions purport to assert causes of action against both Broadway and RBS for negligence and violations of New York Labor Law, the Industrial Code of the State of New York, and the federal Occupational Safety and Health Act. *Id.*, ¶ 18. Claimant alleges, among other

things, that his injury was caused by the negligence of defendants in the Underlying Actions, including RBS, in permitting the premises to become and remain in a dangerous, defective, and hazardous condition. *Id.*, ¶ 19. Discovery in the Underlying Actions is ongoing, with court-ordered depositions scheduled to conclude by September 1, 2021. *Id.*, ¶ 20.

**Travelers's Tender to Wesco on Broadway's Behalf, and Wesco's Responses**

On September 25, 2017, and on numerous occasions thereafter, Travelers demanded that Wesco defend and indemnify Broadway as an additional insured in connection with the Underlying Actions. *Id.*, ¶ 21. Wesco initially refused Travelers's tender on behalf of Broadway. *Id.*, ¶ 22. However, by correspondence dated May 20, 2021, Wesco agreed to participate in Broadway's defense in the Underlying Actions on an equal shares basis, subject to a reservation of rights. *Id.*, ¶ 23.

The parties dispute whether, based on priority of coverage, Wesco has a duty to assume Broadway's full defense, and whether or not Wesco has a duty to indemnify Broadway. By way of this motion for partial summary judgment, Travelers seeks a determination that any Wesco coverage obligation towards Broadway with respect to the Underlying Actions is primary to that of Travelers, and that Wesco therefore has a duty to provide Broadway a full defense, without contribution from Travelers, subject to the limits of coverage available under the Wesco Policy.

## ARGUMENT

A court "shall grant summary judgment" under Fed. R. Civ. P. 56(a) "if the movant shows that there is no genuine dispute as to any material fact and movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). *Accord Jones v. County of Suffolk*, 936 F.3d 108, 114 (2d Cir. 2019); *Securities Exchange Commission v. Sourlis*, 851 F.3d 139, 144 (2d Cir. 2016). "An issue of fact is genuine 'if the evidence is such that a reasonable jury could return a verdict

for the nonmoving party.'" *Dalberth v. Xerox Corp.*, 766 F.3d 172, 182 (2d Cir. 2014), *quoting*

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In considering a motion for

summary judgment, a court will "draw all factual inferences and resolve all ambiguities in favor

of the non-moving party."  *Coyle v. United States*, 954 F.3d 146, 148 (2d Cir. 2020).  "Under

New York law, the interpretation of an insurance policy generally presents a question of law."

*Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 115 (2d Cir. 2005).

## I.

### WESCO HAS A DUTY TO DEFEND BROADWAY BECAUSE CLAIMANT IN THE UNDERLYING ACTION ALLEGES THAT HIS INJURIES WERE CAUSED IN WHOLE OR IN PART BY THE ACTS OR OMISSIONS OF RBS, WESCO'S NAMED INSURED

Wesco has a duty to defend Broadway in the Underlying Action because the Wesco Policy

provides additional insured coverage to Broadway where a bodily injury is caused in whole or in

part by the acts or omissions of Wesco's named insured, RBS.

"An insured's duty to defend its insured is exceedingly broad. . . . If [a] complaint contains

any facts or allegations which bring the claim even potentially within the protection purchased,

the insurer is obligated to defend . . ."  *Regal Constr. Corp. v. National Union Fire Ins. Co. of*

*Pgh.*, 15 N.Y.3d 34, 37, 904 N.Y.S.2d 338, 340 (2010) (internal quotation marks omitted).  *Accord*

*Harleysville Worcester Ins. Co. v. Wesco Ins. Co., Inc.*, 314 F. Supp. 3d 534, 542 (S.D.N.Y. 2018)

(same).  "This standard applies equally to additional insureds and named insureds."  *Regal Constr.*

*Corp.*, 15 N.Y.3d at 37, 904 N.Y.S.2d at 340-41.  *Accord Arch Specialty Ins. Co. v. Farm Family*

*Cas. Ins. Co.*, 238 F. Supp. 3d 604, 612 (S.D.N.Y. 2017).  "Any ambiguity as to the insurer's duty

to defend is resolved in favor of the insured."  *International Business Machines Corp. v. Liberty*

*Mutual Ins. Co.*, 363 F.3d 137, 144 (2d Cir. 2004).  *Accord Olin Corp. v. Ins. Co. of Am.*, 218 F.

Supp. 3d 212, 216 (S.D.N.Y. 2019).

The duty to defend "arises whenever the allegations within the four corners of the underlying complaint potentially give rise to a covered claim, or where the insured has actual knowledge of facts establishing a reasonable possibility of coverage." *Frontier Insulation Contrs. v. Merchants Mut. Ins. Co.*, 91 N.Y.2d 169, 175, 667 N.Y.S.2d 982, 984 (1997) (internal quotation marks omitted). *Accord High Point Design, LLC v. LM Ins. Corp.*, 911 F.3d 89, 95 (2d Cir. 2018). This is so regardless of whether or not the underlying allegations, including those against the named insured, have merit. *Travelers Indemnity Co. v. Harleysville Ins. Co. of N.Y.*, 18 Civ. 600 (PGG), 2020 WL 1304085, at *5 (S.D.N.Y. Mar. 19, 2020); *Continental Cas. Co. v. JBS Const. Mgmt., Inc.*, No. 09 Civ. 6697(JSR), 2010 WL 2834898, at *4 (S.D.N.Y. July 1, 2010).

Broadway is entitled to additional insured coverage pursuant to the Wesco Scheduled Person Endorsement because it is specifically listed by name as an additional insured on that Endorsement for the project at 1675 Broadway, New York, New York. *Id.*, ¶ 7.

Coverage under the Wesco Scheduled Person Endorsement is triggered by "'bodily injury' . . . caused, in whole or in part, by" the acts or omissions of RBS or those acting on RBS's behalf in the performance of RBS's ongoing operations for Broadway. *Id.*, ¶ 7. Under New York law, that policy language provides coverage for an additional insured where the underlying injury is proximately caused by the named insured or those acting on the named insured's behalf. *See, e.g., Burlington Ins. Co. v. NYC Transit Auth.*, 29 N.Y.3d 313, 321-23, 57 N.Y.S.3d 85, 89-91 (2017); *Liberty Mutual Ins. Corp. v. N.Y. Marine and Gen. Ins. Co.*, 505 F. Supp. 3d 260, 271 (S.D.N.Y. 2020).

Here, Claimant names RBS as a direct defendant in the Underlying Actions. R. 56.1 Statement, ¶¶ 17. More specifically, he alleges that he was injured when he tripped on wires or debris and fell down the stairs while in the course of his employment with JT Magen as a

9

construction worker. *Id.*, ¶ 16. He further alleges that his injury was caused by the negligence of defendants in the Underlying Actions, including RBS, in permitting the premises to become and remain in a dangerous, defective, and hazardous condition. *Id.*, ¶ 19. In short, Claimant alleges that his injury was "caused, in whole or in part by," RBS's acts or omissions in the performance of its work for Broadway at the project site.

Accordingly, and as Wesco does not dispute, it has a duty to defend Broadway under the Wesco Policy.

## II.

### ANY COVERAGE AVAILABLE TO BROADWAY UNDER THE WESCO POLICY IS PRIMARY TO THAT OF TRAVELERS

Any coverage available to Broadway under the Wesco Policy in connection with the Underlying Actions is primary to any coverage available to Broadway under the Travelers Policy. Therefore, Wesco must assume sole responsibility for Broadway's defense in the Underlying Actions and must reimburse Travelers in full for the costs it has incurred in defending Broadway. Wesco also must indemnify Broadway up to its available policy limits, without contribution from Travelers, in the event it is determined that RBS was a proximate cause of Claimant's injury.

"Where the same risk is covered by two or more policies, each of which was sold to provide the same level of coverage (as is the case here), priority of coverage (or, alternatively, allocation of coverage) among the policies is determined by comparison of their respective 'other insurance' clauses." *Sport Rock Int'l, Inc. v. Am. Cas. Co. of Reading, PA*, 65 A.D.3d 12, 18, 878 N.Y.S.2d 339, 344 (1st Dep't 2009). *Accord Charter Oak Fire Ins. Co. v. Zurich American Ins. Co.*, 462 F. Supp. 3d 317, 327 (S.D.N.Y. 2020); *Zurich American Ins. Co. v. Harleysville Ins. Co.*, 194 F. Supp. 3d 253, 259-60 (S.D.N.Y. 2016).

The Travelers Scheduled Person Endorsement, specifically providing additional insured coverage to Broadway, does not explicitly address "other insurance." R. 56.1 Statement, ¶ 3. However, that endorsement and others in the policy are modified by the Travelers Other Insurance Amendment, which provides that:

> This insurance is excess over any of the other insurance, whether primary, excess, contingent or on any other basis, that is available to the insured when the insured is added as an additional insured under any other policy, including any umbrella or excess policy.

*Id.*, ¶ 4. This language renders Travelers's coverage excess to that of Wesco with respect to Broadway, which has been added to the Wesco Policy as an additional insured.

The Wesco Scheduled Person Endorsement does not specifically address "other insurance." *Id.*, ¶ 7. However, the main Commercial General Liability form of the Wesco policy provides that its coverage is primary, except that it is excess over: (i) "Fire, Extended Coverage, Builder's Risk, Installation Risk, or similar coverage for 'your [RBS's] work'"; (ii) fire insurance for premises rented to or temporarily occupied by RBS; (iii) insurance purchased by RBS to cover its liability as a tenant for property damage; (iv) some situations where the loss arises out of the maintenance or use of "autos" or watercraft; and (v) "[a]ny other insurance available to you [RBS] covering liability for damages arising out of the premises or operations, or the products or completed operations, for which you [RBS] have been added as an additional insured." *Id.*, ¶ 8. None of those conditions is present here. Accordingly, Travelers's additional insured coverage for Broadway is excess to that provided by Wesco.

Accordingly, Travelers is entitled to a declaration that any coverage available to Broadway from Wesco with respect to the Underlying Actions is primary to that available under the Travelers Policy. Wesco therefore has the sole primary obligation to defend Broadway. It must assume that defense obligation without contribution from Travelers, and it must reimburse Travelers for any

11

post-tender defense fees Travelers has incurred on Broadway's behalf.  *See, e.g., Village of Brewster v. Virginia Sur. Co., Inc.*, 70 A.D.3d 1239, 1242-43, 896 N.Y.S.2d 203, 207 (3d Dep't 2010) (finding insurer rendered primary via other insurance clause had duty to reimburse excess insurer who had been defending); *Sport Rock Int'l, Inc.*, 65 A.D.3d at 30, 878 N.Y.S.2d at 353 (same).  It also must indemnify Broadway, up to its policy limits, without contribution from Travelers, to the extent it is determined that Claimant's injury was proximately "caused, in whole or in part" by RBS.  *See Burlington Ins. Co.*, 29 N.Y.2d at 324, 57 N.Y.S.3d at 91 (2017).

## CONCLUSION

For the reasons set forth above, this Court should grant partial summary judgment in Travelers's favor, entering an order declaring that:  (i) any defense or indemnity available to Broadway from Wesco with respect to the Underlying Actions is primary and non-contributory to any defense or indemnity available to Broadway from Travelers, (ii) Travelers's coverage obligations are excess to those of Wesco with respect to the Underlying Actions, and (iii) Wesco has the sole obligation to defend Broadway in connection with the Underlying Actions on a primary and non-contributory basis; and issue an award in favor of Travelers and against Wesco for all sums Travelers has paid in defending Broadway in the Underlying Actions.

DATED:      New York, New York
            July 23, 2021

                                        REID & ASSOCIATES

                                        By: /s/Amy C. Gross
                                        Amy C. Gross
                                        *Attorneys for Plaintiff Travelers Property*
                                        *Casualty Company of America*
                                        Phone : 917.778.6462
                                        Fax : 844.571.3789
                                        Email : acgross@travelers.com

<u>Please address all correspondence sent by</u>
<u>mail to:</u>
P.O. Box 2996
Hartford, CT 06104-2996

<u>Physical Address</u>:
485 Lexington Avenue, 6th Floor
New York NY 10017