UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA,                            Civil Action No.: 1:20-cv-9888

            Plaintiff,

     -against-

WESCO INSURANCE COMPANY,

            Defendant.
-----------------------------------------------------------X

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT WESCO INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO PLAINTIFF TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S MOTION FOR SUMMARY JUDGMENT**

---

KENNEDYS CMK LLP
570 Lexington Avenue – 8th Floor
New York, New York 10022
212-252-0004

Of Counsel:
Max W. Gershweir

TABLE OF CONTENTS

Page

TABLE OF CONTENTS.................................................................................  i

TABLE OF AUTHORITIES ..........................................................................  ii

PRELIMINARY STATEMENT  ...................................................................  1

STATEMENT OF FACTS...............................................................................  3

    The Work Contracts ...............................................................................  3

    The Underlying Actions...........................................................................  3

    The Insurance Policies ...........................................................................  4

    The Wesco Policy...................................................................................  4

    The Travelers Policy ..............................................................................  6

    Claim Correspondence ..........................................................................  9

ARGUMENT ...............................................................................................  10

  I.   Wesco and Travelers have a co-primary duty to defend Broadway
      because they insure it for different risks.......................................  10

  II.  Even assuming the policies cover Broadway for the same risk, the
      policies' "other insurance" provisions mandate a conclusion that the
      policies are co-primary.  ...............................................................  13

CONCLUSION.............................................................................................  17

TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*233rd St. P'ship, L.P. v. Twin City Fire Ins. Co.*,
    52 A.D.3d 292 (1st Dep't 2008) .................................................................. 14

*Cont'l Cas. Co. v. Aetna Cas. Co. & Sur. Co.*,
    823 F.2d 708 (2d Cir. 1987) (applying Conn. Law) ................................. 15

*Empire Ins. Co. v. Kaparos*,
    183 A.D.2d 566 (1st Dep't 1992) ............................................................... 14

*Fed Ins. Co. v. Atl. Nat'l Ins. Co.*,
    25 N.Y.2d 71 (1969) .................................................................................. 15

*Federal Ins. Co. v. Cablevision Systems Dev. Co.*,
    836 F.2d 54 (2d Cir. 1987) (applying N.Y. law) ................................. 14, 15

*Gen. Motors Acceptance Corp. v. Nationwide Ins. Co.*,
    4 N.Y.3d 451 (2005) .................................................................................. 15

*Great N. Ins. Co. v. Mt. Vernon Fire Ins. Co.*,
    92 N.Y.2d 682 (1999) ......................................................................... 10, 13

*HRH Constr. Corp. v. Comm'l Underwriters Ins. Co.*,
    11 A.D.3d 321 (1st Dep't 2004) ................................................................. 11

*Murray Oil Prods., Inc. v. Royal Exch. Assur. Co.*,
    21 N.Y.2d 440 (1968) ................................................................................ 13

*N.Y. State Thruway Auth. v. KTA-Tator Eng'g Servs., P.C.*,
    78 A.D.3d 1566 (4th Dep't 2010) .............................................................. 10

*NL Indus., Inc. v. Comm'l Union Ins. Co.*,
    935 F.Supp. 513 (D. N.J. 1996) (applying N.Y. law) ................................ 10

*Penn. Mfg. Assoc. Ins. Co. v. Liberty Mut. Ins. Co.*,
    39 A.D.3d 1161 (4th Dep't 2007) ......................................................... 11, 12

*Platek v. Town of Hamburg*,
    24 N.Y.3d 688 (2015) ................................................................................ 12

*Sport Rock Int'l v. Am. Cas. Co. of Reading*,
    65 A.D.3d 12 (1st Dep't 2009) ........................................................... 10, 13

**Other Authorities**

68A *N.Y. Jur.2d Insurance* § 857 (2012) ...................................................... 16

*Couch on Insurance 3d* at § 219:14 ............................................................... 11

**Preliminary Statement**

Defendant Plaintiff Wesco Insurance Company ("Wesco") submits this Memorandum of Law in support of its Motion for Partial Summary Judgment and in opposition to plaintiff Travelers Property Casualty Company of America ("Travelers") Motion for Partial Summary Judgment.

This action involves an intra-insurer insurance-coverage dispute arising from underlying bodily injury lawsuits. In those suits, Onofrio Mazzurco seeks damages for injuries he allegedly sustained in a construction accident against Broadway 52nd LP ("Broadway"), the property owner, and Robert B. Samuels Inc. ("Samuels"), a subcontractor hired by general contractor JT Magen & Co. ("JT Magen"), Mazzurco's employer.

Both Wesco, Samuels's commercial general liability insurer, and Travelers, JT Magen's commercial general liability insurer, concede they at least owe a duty to defend Broadway as an additional insured under their respective policies ("the Wesco Policy" and "the Travelers Policy," respectively). The dispute to be resolved by these motions is the priority of coverage owed Broadway as between the insurers. Travelers contends that Wesco owes a sole, primary duty to defend—and, if necessary, to indemnify—Broadway; Wesco counters that any duty it owes Broadway is co-primary and on an equal-shares basis with Travelers.

For the reasons discussed more fully herein, Wesco's position is correct. First, the Wesco Policy and the Travelers Policy cover Broadway for different risks—for liability for injury caused, in whole in part, by Samuels's acts or omissions under the Wesco Policy, and for liability arising out of JT Magen's ongoing operations for Broadway under the Travelers Policy. As such, under New York law, their respective duties to Broadway are

necessarily co-equal, notwithstanding the policies' "other insurance" clauses, which typically control priority of coverage. Second, in any event, although the Wesco Policy, per its "other insurance" clause, purports to provide additional insureds such as Broadway primary coverage, though on a shared basis with other primary insurers, the Travelers Policy, which includes multiple, contradictory "other insurance" clauses is at best ambiguous on that score, thus mandating a conclusion that it likewise purports to provide Broadway co-primary coverage vis-à-vis other insurers.

## Statement of Facts

**The Work Contracts**

By written contract dated September 3, 2015 ("the General Contract"), Broadway 52nd LP ("Broadway") hired JT Magen & Company, Inc. ("JT Magen") to act as general contractor as respects certain construction work at premises located at 1675 Broadway, New York, New York ("the Premises").[1]

The General Contract requires JT Magen to include Broadway as an additional insured under its commercial general liability policy on a primary and non-contributory basis.[2]

By written purchase orders dated August 27, 2015, and September 2, 2015 (collectively, "the Purchase Orders"), JT Magen subcontracted to Robert B. Samuels, Inc. ("Samuels") certain work required under the General Contract.[3]

The Purchase Orders require Samuels to include Broadway as an additional insured under its commercial general liability policy.[4]

**The Underlying Actions**

Onofrio Mazzurco sued Broadway and Samuels in actions styled *Onofrio Mazzurco v. Broadway 52nd LP, et al.*, in the Supreme Court of the State of New York, County of New York, Index No. 157381/2017 and *Onofrio Mazzurco v. Broadway 52nd LP, et al.*, in the Supreme Court of the State of New York, County of New York, Index No. 159872/2018) ("the Underlying Actions").[5]

---

[1] Gershweir Decl. Ex. A; Gross Decl. Ex. I (Stipulation as to Authenticity).
[2] *Id.* at Sched. B, ¶ A.2.
[3] Doak Decl. Exs. J, K, and L.
[4] *Id.* at ¶ 19.
[5] Underlying Actions Sums. and Compls., Gross Decl. Exs. D and E.

In the Underlying Actions, Mazzurco seeks damages for injuries he allegedly sustained in the course of employment with JT Magen while at the Premises as part of the project relating to the General Contract, due to Broadway and Samuels's alleged negligence and Labor Law violations.[6]

**The Insurance Policies**

**The Wesco Policy**

Wesco issued a commercial general liability insurance policy to Samuels, effective October 4, 2015, to October 4, 2016, bearing policy number WPP 1118655 02 ("the Wesco Policy"), subject to a per-occurrence limit of $2 million and an aggregate limit of $4 million.[7]

The Wesco Policy includes the following provisions:

**SECTION I — COVERAGES**

**COVERAGE A — BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages even if the allegations of the "suit" are groundless, false or fraudulent. . . .

    **b.** This insurance applies to "bodily injury" or "property damage" only if:

        (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

        (2) The "bodily injury" or "property damage" occurs during the policy period; . . . .[8]

---

[6] *Id.*

[7] Gross Decl. Ex. B (Wesco Policy); Gross Decl. Ex. C (Wesco Response to Plaintiff's First Set of Requests for Admission), Responses 1-3.

[8] *Id.* at New York Changes — Commercial General Liability Coverage Form, § I, ¶ 1.

. . .

**SECTION IV — COMMERCIAL GENERAL LIABILITY COVERAGE CONDITIONS**

. . .

**4. Other Insurance**

If other valid and collectible insurance is available to the insured for a loss we cover under Coverages A or B of this Coverage Part, our obligations are as follows:

**a. Primary Insurance**

This insurance is primary except when Paragraph b. below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in Paragraph c. below.

. . .

**c. Method of Sharing**

If all of the other insurance permits contribution by equal shares, we will follow this method also. Under this approach each insurer contributes equal amounts until it has paid its applicable limit of insurance or none of the loss remains, whichever comes first.

If any of the other insurance does not permit contribution by equal shares, we will contribute by limits. Under this method, each insurer's share is based on the ratio of its applicable limit of insurance to the total applicable limits of all insurers.[9]

. . .

**ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – SCHEDULED PERSON OR ORGANIZATION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

---

[9] *Id*. at Commercial General Liability Coverage Form, § IV, ¶ 4, p. 12.

**SCHEDULE**

| Name Of Additional Insured Person(s) Or Organization(s) | Location(s) Of Covered Operations |
|---|---|
| RUDIN MANAGEMENT COMPANY, INC., BROADWAY 52ND LP . . . . | 1675 BROADWAY, NEW YORK, NY |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. | |

A. **Section II – Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

1. Your [Samuels's] acts or omissions; or
2. The acts or omissions of those acting on your behalf;

in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.

However:

1. The insurance afforded to such additional insured only applies to the extent permitted by law; and

2. If coverage provided to the additional insured is required by a contract or agreement, the insurance afforded to such additional insured will not be broader than that which you are required by the contract or agreement to provide for such additional insured.[10]

**The Travelers Policy**

Travelers issued to JT Magen a commercial general liability coverage policy bearing policy number CO-828K6622, effective September 30, 2015 to September 30, 2016, ("the Travelers Policy"), subject to a per-occurrence limit of $3 million and an aggregate limit of $6 million.[11]

---

[10] *Id*. at "Additional Insured – Owners, Lessees Or Contractors – Scheduled Person Or Organization" form.
[11] Gross Decl. Ex. A.

The Travelers Policy includes the "Insuring Agreement" quoted above that is also part of the Wesco Policy.[12]

In addition to those provisions, the Travelers Policy also includes the following:

**ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – SCHEDULED PERSON OR ORGANIZATION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

Name of Person or Organization

Rudin Management Company, Inc., Broadway 52nd LP . . .

Project N. (16-0082-AIE) Publicis @1675 Broadway, NY, NY 10019

**A. Section II – Who Is An Insured** is amended to include as an additional insured the person or organization shown in the Schedule, but only with respect to liability arising out of your [JT Magen's] ongoing operations performed for that insured.[13]

. . .

**BLANKET ADDITIONAL INSURED (CONTRACTORS) – NEW YORK**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART
COMMERCIAL GENERAL LIABILITY — CONTRACTORS COVERAGE PART

**1.** Who Is An Insured – (Section II) is amended to include any person or organization you are required to include as an additional insured on this policy by a written contract or written agreement in effect during this policy period and signed and executed by you prior to the loss for which coverage is sought. The person or organization does not qualify as an additional insured with respect to the independent acts or omissions of such person or organization. The person or organization is only an

---

[12] *Id*. at New York Changes — Commercial General Liability Coverage Form, § I, ¶ 1.
[13] *Id*. at Additional Insured – Owners, Lessees Or Contractors – Scheduled Person Or Organization form.

additional insured with respect to liability caused by "your work" for that additional insured.

   . . .

**4.** Any coverage provided by this endorsement to an additional insured shall be excess over any other valid and collectible insurance available to the additional insured whether primary, excess, contingent or on any other basis unless a written contract or written agreement in effect during this policy period and signed and executed by you prior to the loss for which coverage is sought specifically requires that this insurance apply on a primary or non-contributory basis. When this insurance is primary and there is other insurance available to the additional insured from any source, we will share with that other insurance by the method described in the policy.[14]

. . .

### AMENDMENT — OTHER INSURANCE CONDITION AND MEANING OF OTHER INSURANCE, OTHER INSURER AND INSURER – NEW YORK

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**PROVISIONS**

**1.** The following replaces the part of the first paragraph of Paragraph **4.,** **Other Insurance, of SECTION IV — COMMERCIAL GENERAL LIABILITY CONDITIONS** that precedes Paragraph **a.**:

If other valid and collectible other insurance is available to the insured for a loss we cover under Coverages **A** or **B** of this Coverage Part, our obligations are limited as described in Paragraphs **a.** and **b.** below.

. . .

**3.** The following is added to Paragraph **4.b., Excess Insurance, of SECTION IV — COMMERCIAL GENERAL LIABILITY CONDITIONS**:

This insurance is excess over any of the other insurance, whether primary, excess, contingent or on any other basis, that is available to the insured when the insured is added as an additional insured under any other policy, including any umbrella or excess policy.[15]

---

[14] *Id.* at Blanket Additional Insured (Contractors) – New York form.
[15] *Id.* at Amendment — Other Insurance Condition And Meaning Of Other Insurance, Other Insurer And Insurer – New York form.

**Claim Correspondence**

By letter dated November 12, 2015, to JT Magen and Travelers, the Hanover Insurance Group tendered Broadway's defense and indemnification in the Underlying Actions to JPB based on its status as an additional insured on the Travelers Policy.[16]

By letter dated September 25, 2017, to Hanover, Travelers acknowledged its duty to defend and indemnify Broadway in the Underlying Actions, without reservation, based on Broadway's status as an additional insured under the Travelers Policy.[17]

By letter dated May 20, 2021, to Travelers' counsel in this matter, Wesco's claims administrator, AmTrust North America, acknowledged Wesco's duty to defend Broadway in the Underlying Actions as a an additional insured under the Wesco Policy on a co-primary basis with Travelers, subject to a reservation of rights to deny coverage and withdraw the defense if it is determined that Samuels's acts or omissions did not cause, in whole or in part, Mazzurco's injuries.[18]

---

[16] Gershweir Decl. Ex. B.
[17] Gershweir Decl. Ex. C.
[18] Gross Decl. Ex. G.

## Argument

I.    **Wesco and Travelers have a co-primary duty to defend Broadway because they insure it for different risks.**

Under New York law, "[w]here *the same risk is covered* by two or more policies, each of which was sold to provide the same level of coverage [], priority of coverage (or, alternatively, allocation of coverage) among the policies is determined by comparison of their respective 'other insurance' clauses.*" Sport Rock Int'l v. Am. Cas. Co. of Reading*, 65 A.D.3d 12, 18 (1st Dep't 2009) (emphasis added); *see Great N. Ins. Co. v. Mt. Vernon Fire Ins. Co.*, 92 N.Y.2d 682, 686-87 (1999) ("the term 'other insurance' describes a situation where two or more insurance policies *cover the same risk* in the name of, or for the benefit of, the same person" (Emphasis added.)). Conversely, where multiple policies cover the same insured for *different* risks, such clauses do not control the insurers' contributions, thus requiring them to equitably share defense costs. *See NL Indus., Inc. v. Comm'l Union Ins. Co.*, 935 F.Supp. 513, 518-19 (D. N.J. 1996) (applying N.Y. law) (requiring insurers to contribute equitably to mutual insured's defense costs, despite one policy's excess "other insurance" clause, because policies covered different risks); *N.Y. State Thruway Auth. v. KTA-Tator Eng'g Servs., P.C.*, 78 A.D.3d 1566, 1568 (4th Dep't 2010).

Determining whether policies cover the same "risk" in this context requires "an analysis of [each policy's] insuring agreement." *Couch on Insurance 3d* at § 219:14. Here, the relevant insuring agreements are those contained in the policies' applicable additional insured provisions covering Broadway. The Wesco Policy covers Broadway only with respect to liability for "bodily injury" . . . caused, in whole or in part, by [Samuels's] acts or omissions." The Travelers Policy, by contrast, covers Broadway "only with respect to liability arising out of [JT Magen's] ongoing operations."

*HRH Construction Corp. v. Commercial Underwriters Ins. Co.*, 11 A.D.3d 321 (1st Dep't 2004), involved indistinguishable provisions. To wit, the plaintiff, HRH, a general contractor, was an additional insured under policies issued to two subcontractors but only with respect "to the risks associated with [the] two separate subcontractors' individual work at the job site" where the subject construction accident giving rise to the suit against HRH occurred. The court thus found that since "[e]ach insurer afforded coverage to HRH for claims arising out of work performed by that carrier's primary insured," they covered different risks. *Id.* at 323.

Likewise, in *Pennsylvania Manufacturing Association Insurance Co. v. Liberty Mutual Insurance Co.*, 39 A.D.3d 1161 (4th Dep't 2007), the court found that two policies covering the same additional insured but only with respect to liability relating to the respective named-insured subcontractors' acts or omissions did not cover the additional insured for the same risk.

Travelers tellingly ignores this issue in its moving papers.

Moreover, lest Travelers argue otherwise in reply, these cases are not distinguishable based on the mere fact that, here, one policy was issued to a general contractor, i.e., JT Magen, and the other to a subcontractor, i.e., Samuels. That fact might be relevant if Broadway's coverage under the Travelers Policy subsumed liability for injury arising out of both JT Magen's and its subcontractors' operations. But the endorsement specifically covering Broadway refers only to "your [JT Magen's] ongoing operations," not that of its subcontractors.

11

By contrast, the policy's blanket additional-insured endorsement covers additional insureds "with respect to liability caused by 'your [JT Magen's] work',"[19] a term the policy defines to mean, in relevant part, "Work or operations performed by you [JT Magen] or on your behalf"[20]. Since "the use of different terms in the same agreement . . . implies that they are to be afforded different meanings," *Platek v. Town of Hamburg*, 24 N.Y.3d 688, 696 (2015), the only reasonable inference to be drawn is that by using the undefined term "your operations," instead of the defined term "your work," Travelers intended to limit Broadway's coverage to liability arising out of only JT Magen's operations, not operations performed on its behalf.

Since the policies thus cover Broadway for different risks, their "other insurance" provisions do not control, thereby mandating a finding that the insurers share equally in its defense.

---

[19] *Id*. at Blanket Additional Insured (Contractors) – New York form.
[20] *Id*. at Commercial General Liability Insurance Coverage Form, § V, ¶ 22, p. 15.

**II.    Even assuming the policies cover Broadway for the same risk, the policies' "other insurance" provisions mandate a conclusion that the policies are co-primary.**

Assuming the Court nevertheless concludes that the Wesco Policy and the Travelers Policy cover Broadway for the same risk, then, as stated supra, the policies' respective "other insurance" provisions apply to determine priority. *See Great N. Ins. Co.*, 92 N.Y.2d at 686-87; *Sport Rock*, 65 A.D.3d at 18.

The Wesco Policy provides primary insurance absent exceptions not applicable here. And though the Travelers Policy includes an endorsement purporting to render the coverage provided "excess over any of the other insurance . . . that is available to the insured when the insured is added as an additional insured under any other policy,"[21] it also includes an endorsement—which Travelers tellingly ignores in its moving papers—providing blanket additional-insured coverage, to which Broadway is also entitled, stating that coverage is primary where, as here, "a contract specifically requires that this insurance apply on a primary or non-contributory basis"[22].

Read together, as they must be, *see Murray Oil Prods., Inc. v. Royal Exch. Assur. Co.*, 21 N.Y.2d 440, 445 (1968) ("Essential, of course, to the construction of the phrase in question is an examination of the entire contract to determine its purpose and effect and the apparent intent of the parties."); 68A *N.Y. Jur.2d Insurance* § 857 (2012) ("All words, parts, and provisions of a policy must be construed together as one entire contract and all the terms and conditions of each part must be read and interpreted in the light of all the other parts."), these endorsements communicate that the coverage provided an insured is excess to that provided by any other policy covering that insured as an additional

---

[21] Travelers Policy, Gross Decl. Ex. A, at Amendment — Other Insurance Condition And Meaning Of Other Insurance, Other Insurer And Insurer – New York form.
[22] *Id*. at Blanket Additional Insured (Contractors) – New York form.

insured, unless that insured is a contractually required additional insured under the Travelers Policy and that contract requires that the policy provide primary coverage.

Alternatively, the conflicting provisions raise an ambiguity in that regard, which must be construed against Travelers. *See Empire Ins. Co. v. Kaparos*, 183 A.D.2d 566, 569 (1st Dep't 1992) (finding that "contradictory" insurance policy provisions relating to procedure necessary to make a claimed raised ambiguity, requiring policy to be construed against the insurer).

Since the General Contract requires that Broadway be included as an additional insured on the Travelers Policy and that the coverage provided it be primary and non-contributory[23], Broadway is entitled to primary coverage under the Travelers Policy, just as it is under the Wesco Policy, thus mandating a conclusion that the two policies provide Broadway with co-primary coverage (assuming they insure it for the same risk). *See 233rd St. P'ship, L.P. v. Twin City Fire Ins. Co.*, 52 A.D.3d 292, 293 (1st Dep't 2008).

If the policies provide concurrent, co-primary coverage, then, given the applicable sharing provisions and policy limits, Travelers must pay 60% of Broadway's defense costs and Wesco must pay 40%.

In determining co-insurers' relative shares of a mutual insured's defense costs, the policies' respective "other insurance" provisions govern, even where they refer only to indemnity costs. *See Federal Ins. Co. v. Cablevision Systems Dev. Co.*, 836 F.2d 54, 57-60 (2d Cir. 1987) (applying N.Y. law). Thus, where the applicable polices each include provisions providing for equal sharing of indemnity costs, the insurers must share equally in defense costs, even if the policies' indemnity limits differ. *See id*. Absent such mutual

---

[23] General Contract, Gershweir Decl. Ex. A; Gross Decl. Ex. I (Stipulation as to Authenticity), at Sched. B, ¶ A.2.

equal-sharing provisions, however, the insurers must share pro rata in proportion to their indemnity limits. *See id.* at 60 (distinguishing *Cont'l Cas. Co. v. Aetna Cas. Co. & Sur. Co.*, 823 F.2d 708 (2d Cir. 1987) (applying Conn. Law), on the ground that the subject "other insurance" clauses "were not the same as the 'other insurance' clauses in the three CGL policies in the instant case"); *Gen. Motors Acceptance Corp. v. Nationwide Ins. Co.*, 4 N.Y.3d 451, 458 (2005); *Fed Ins. Co. v. Atl. Nat'l Ins. Co.*, 25 N.Y.2d 71, 78 (1969).

In *Cablevision*, the court found that the three co-insurers had to contribute equally toward the mutual insured's defense costs based primarily on the fact that each policy included a provision stating: "If all such other valid and collectible insurance provides for contribution by equal shares, the company shall not be liable for a greater proportion of such loss than would be payable if each insurer contributes an equal share until the share of each insurer equals the lowest applicable limit of liability under any one policy or the full amount of the loss is paid."

In *General Motors* and *Federal v. Atlantic*, by contrast, the New York Court of Appeals found that pro-rata contribution was required without discussing the subject policies' "other insurance" sharing provisions, thus implying that that method is the default method, i.e., absent equal-sharing provisions in all applicable policies.

Here, the policies' "other insurance" provisions, read together, are non-committal as respects the method of sharing. For its part, the Wesco Policy allows for either method, stating that equal sharing applies if "all of the other insurance permits" it, and pro-rata sharing "[i]f any of the other insurance does not permit" it. For its part, the Travelers Policy merely defers to the other policy, stating, in the blanket additional-insured endorsement's "other insurance" provision: "When this insurance is primary and there is

other insurance available to the additional insured from any source, we will share with that other insurance by the method described in the policy."

Thus, given the absence of matching equal-shares provisions here, the Court should apply the default pro-rata sharing rule. Since the Travelers Policy occurrence limit is $3 million and the Wesco Policy occurrence limit is $2 million, Travelers is responsible for 60% of Broadway's defense costs and Wesco 40%.

## Conclusion

In light of the foregoing, it is respectfully requested that the Court grant Wesco's motion for summary judgment; along with such other and further relief as this Court deems just and proper.

Dated:  New York, New York
        August 19, 2021

                    KENNEDYS CMK LLP

                    ___/s/ Max W. Gershweir_____
                    MAX W. GERSHWEIR